IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RAYMOND SMITH Jr.,             §
(TDCJ No. 1525505)             §
VS.                           §    CIVIL ACTION NO.4:08-CV-757-Y
                              §
                              §
PALO PINTO COUNTY JAIL, et al. §

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§
1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

    This case is before the Court for review of pro-se inmate and
plaintiff Raymond Smith Jr.'s case under the screening provisions
of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). In this case, Smith
submitted a form civil-rights complaint, with attachments, seeking
relief under 42 U.S.C. § 1983. He subsequently complied with a Court
order to file a more definite statement of his claims. The Court
will review both pleadings.

    Smith names as defendants the Palo Pinto County jail, the Palo
Pinto County Sheriff's Department, Sheriff Ira Mercer, and Dr.
Keller. (Compl. Style; § IV(B).) He complains that he was not timely
treated for anal bleeding, claiming that he first experienced pain
and symptoms in late March, but was not treated for almost twenty-
five days. (More Def. Statement (MDS) at 1-2.) He alleges that
although he sought to complain to Sheriff Mercer, he was denied the
opportunity to do that, but he holds Mercer responsible because "the
jail medical staff is not treating inmates as they should." (MDS at
3.) He seeks to have the Palo Pinto County jail ordered to provide
better medical resources to future jail inmates, without its having
to be sought by inmates, and he seeks both compensatory and punitive

monetary damages in an amount of $1,500,000. (Compl. § VI; MDS at 6-7.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1]  Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2]  Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3]  Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading before conducting its § 1915 inquiry.[4]  Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint under these standards, the Court concludes that Raymond Smith's claims must be dismissed.

---

[1]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2]*See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3]*See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5]*See Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Plaintiff has named as defendants the Palo Pinto County Sheriff's Department, and the Palo Pinto County jail. With regard to the sheriff's department and the jail, the capacity of an entity to be sued is "determined by the law of the state in which the district court is held."[6] Under Texas law, the key issue is whether the entity has been granted the capacity "to sue or be sued."[7] This Court and other federal courts in Texas have consistently held that in order for a plaintiff to sue a municipal department, the department must have a separate legal existence.[8] As Raymond Smith has not alleged that the Palo Pinto County Sheriff's Department or jail has its own jural existence, his claims against these departments of Palo Pinto County must be dismissed.[9]

Even if Smith's claims could be said to be asserted against Palo Pinto County, such claims also must be dismissed. The only allegations Smith makes against Palo Pinto County is that it is responsible for its employees' actions in not treating him and his

---

[6] FED. R. CIV. P. 17(b).

[7] *Dillon v. Jefferson County Sheriff's Department,* 973 F.Supp. 626, 627 (E.D. Tex. 1997).

[8] *See generally Darby v. City of Pasadena,* 939 F.2d 311, 313 (5th Cir. 1991)(noting that under Texas law, absent authorization from a municipality to allow suit against one of its subdivisions as an independent entity, suit cannot proceed against that department); *see also Buckley v. Dallas County,* No. CIV.A.3:97-CV-1649-G, 1999 WL 222380, *2 (N.D.Tex. April 13, 1999) (citations omitted); *Bridges v. Rossi,* No. 3:96-CV-0488-X, 1998 WL 241242, at *5 (N.D.Tex. May 6, 1998).

[9] In his more definite statement, Smith did not provide any facts in response to the Court's request to "set forth any facts to show either of these departments has its own jural existence and is itself subject to suit." (Order for MDS at ¶ 5.)

medical condition. (MDS at 3.)  But a county may not be held liable for the acts of its non-policy-making employees under a respondeat-superior theory.[10]  Further, although a county is a "person" within the meaning of § 1983, it may not be held liable "unless action pursuant to official municipal policy of some nature caused a constitutional tort."[11]  The Supreme Court explained in *Monell v. New York City Department of Social Services*:

> [A] local government may not be sued under § 1983 for an
> injury inflicted solely by its employees or agents.
> Instead, it is when execution of a government's policy or
> custom, whether made by its lawmakers or by those whose
> edicts or acts may fairly be said to represent official
> policy, inflicts the injury that the government entity is
> responsible under § 1983.[12]

Thus, § 1983 liability attaches "only where the municipality *itself* causes the constitutional violation at issue."[13]  Plaintiff Smith has not provided any factual allegations whatsoever of any such policy or custom against Palo Pinto County.[14]  Thus, Plaintiff's claims against Palo Pinto County must be dismissed under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

A claim of liability for violation of rights under 42 U.S.C.

---

[10]*See Whitt v. Stephens County*, 529 F.3d 278, 283 (5th Cir. 2008)(citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)); *see also Colle v. Brazos County*, 981 F.2d 237, 244 (5th Cir.1993).

[11]*Monell v. New York City Dept.of Social Services*, 436 U.S. 658, 691 (1978).

[12]*Id.* at 694.

[13]*City of Canton,* 489 U.S. at 385 (emphasis in original).

[14]Smith did not provide any facts in response to the Court's directive to provide "any facts that show how any custom or policy of [any government entity] relates to [his] claims." (Order for MDS at ¶ 6.)

§ 1983, regardless of the particular constitutional theory, must be based upon personal responsibility.[15] Although plaintiff Smith named Sheriff Mercer, when asked to state any facts showing Mercer's personal involvement, Smith alleged "I hold Sheriff Ira Mercer responsible for [sic] because Sheriff Ira Mercer is over the jail and his medical staff isn't treating inmates as they should specially [sic] in my condition." (MDS at 2-3.) He makes no allegation that Mercer was directly involved or participated in the factual events of which he complains. Smith thus appears to have named Mercer purely because of such defendant's supervisory capacity. But § 1983 does not authorize supervisory liability based on *respondeat superior* or any theory of vicarious liability.[16] Thus, the Court concludes that Plaintiff's claims against Ira Mercer must be dismissed under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

The only remaining defendant is Dr. Keller. In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendant deprived him of such right while

---

[15]*See Murphy v. Kellar,* 950 F.2d 290, 292 (5th Cir. 1992); *Jacquez v. Procunier,* 801 F.2d 789, 793 (5th Cir. 1986); *Wanger v. Bonner,* 621 F.2d 675, 679 (5th Cir. 1980); *Baskin v. Parker,* 602 F.2d 1205, 1208 (5th Cir. 1979).

[16]*See Alton v. Texas A&M Univ.,* 168 F.3d 196, 200 (5th Cir. 1999)("Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983"); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir.1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.")(citations omitted).

acting under color of law.[17] The constitutional rights of a pre-trial state detainee flow from the procedural and substantive guarantees of the Fourteenth Amendment.[18] The Fourteenth Amendment protects the detainee's right to be free from punishment prior to an adjudication of guilt.[19] The applicable legal standard in the Fifth Circuit, however, depends on whether the claim challenges a 'condition of confinement' or an 'episodic act or omission.'[20] A condition-of-confinement case is a constitutional attack on "general conditions, practices, rules, or restrictions of pretrial confinement."[21] A claim of episodic act or omission occurs when the "complained-of harm is a particular act or omission of one of more officials."[22] As Smith's claims involve specific events, his claims are of an episodic act or omission.

The Fifth Circuit has held that the deliberate indifference standard normally associated with Eighth Amendment claims also applies with respect to episodic-act-or-omission claims by pretrial

---

[17]*See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

[18]*Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525-26 (5th Cir. 1999).

[19]*See Bell v. Wolfish,* 441 U.S. 520, 535 n.16 (1979).

[20]*Olabisiomotosho,* 185 F.3d at 526; *see also Hare v. City of Corinth,* 74 F.3d 633, 650 (5th Cir. 1996), *appeal after subsequent remand,* 135 F.3d 320, 327 (5th Cir. 1998).

[21]*Hare,* 74 F.3d at 644; *see also Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997)(*en banc*)(citing as examples such claims as "the number of bunks in a cell or his television or mail privileges").

[22]*Scott,* 114 F.3d at 53.

detainees.[23] Under that standard, an inmate is required to allege and prove facts that indicate officials were deliberately indifferent to his health or safety.[24] A detainee is required to establish that the defendant official has actual subjective knowledge of a substantial risk of serious harm but responds with deliberate indifference to that risk.[25] Such a finding of deliberate indifference, though, "must rest on facts clearly evincing 'wanton' actions [by] the defendants."[26] This subjective deliberate-indifference standard is now equated with the standard for criminal recklessness:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference.[27]

A review of Smith's factual allegations indicates that he has not stated against Dr. Keller any claims of deliberate harm or wanton disregard of his rights. Smith alleges that Keller is responsible for not treating him and for giving him medication that did not have anything to do with his medical issue. (MDS at 3.) Although Smith has provided a copy of a record indicating he complained of his

---

[23]*Hare*, 74 F.3d at 647-48.

[24]*Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

[25]*Hare,* 74 F.3d at 643 and 650.

[26]*Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985); *see also Wilson v. Seiter,* 501 U.S. 294, 297 (1991).

[27]*Farmer,* 511 U.S. at 837; *see also Hare,* 74 F.3d at 648.

condition by April 4, 2008, and did not see Dr. Keller until April 28, 2008, he does not allege that Keller knew of his condition in that period but failed to address it. Notes indicate that, on April 28, Keller examined Smith, found no hemorrhoids, no external sores in the genital area, and prescribed Anusol suppositories, Cirpolaxcin, and Doxycycline, all of which were filled by a pharmacy and apparently provided to Smith, along with a stool softener called Genasoft. (Compl.; attachments.) Records also reflect that, on May 6, Keller noted that Smith "continued to complain of rectal bleeding despite 1 box of Aunsol HC 2.5% supp past week . . . will send to PPGH ER for rectal/anuscope exam." (Compl.; attachments.) Other records reflect that Smith was then seen in the Palo Pinto General Hospital emergency room on May 8 by Dr. John Jones, who prescribed proctofoam. (Compl. Attachments.) Records provided with Smith's more definite statement indicate that Smith was then later referred to the Palo Pinto General Hospital on June 23, where he was seen by Dr. S.R. Boya, who recommended additional tests, which were performed by Boya on July 2 (esophagogastroduodenoscopy), and July 9 (colonoscopy). (MDS; attachments.) The colonoscopy revealed both polyps and internal hemorrhoids, which the doctor noted in his report "could have caused the recent bleeding." (MDS; attachment.)

Upon this record, Smith has failed to provide factual allegations that satisfy the standard that defendant Keller was aware of but disregarded a substantial risk of harm to Smith. At most, Smith's allegations might support a claim of negligence. But allegations of negligence are not sufficient to maintain an action under 42 U.S.C.

§ 1983.[28] Thus, Smith's claims for relief against Dr. Keller for violation of his constitutional rights under that statute must be dismissed.

Therefore, all Plaintiff's claims under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE[29] under 28 U.S.C. § 1915A(b)(1), and 28 U.S.C.§ 1915(e)(2)(B)(i) and (ii).

SIGNED July 10, 2009.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[28]*See, e.g., Daniels v. Williams,* 474 U.S. 327, 332 (1986) (concluding that the constitution "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986)(stating that "lack of due care . . . simply does not approach the sort of abusive government conduct" that rises to the level of a constitutional violation); *Feagley v. Waddill,* 868 F.2d 1437, 1440 (5th Cir.1989)("negligence on the part of state officials does not suffice to make out any due process violation under the Fourteenth Amendment"), *citing Daniels,* 474 U.S. 327.

[29]To the extent plaintiff Smith has alleged negligence or other state-law causes of action against any defendant, the Court declines to exercise supplemental jurisdiction over such claims under 28 U.S.C. § 1367(c)(3), such that any such claims are DISMISSED WITHOUT PREJUDICE. Thus, the Court expressly notes that this order does not affect Plaintiff's right to assert common-law negligence or other state-law claims in state court.